UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.:

DONALD CAMPBELL,

    Plaintiff,

v.

ECHOSPHERE L.L.C.,
d/b/a DISH NETWORK,
a Foreign Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DONALD CAMPBELL ("Mr. Campbell" or "Plaintiff") files this Complaint against Defendant, ECHOSPHERE L.L.C., d/b/a DISH NETWORK ("DN" or "Defendant"), and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq*. ("FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

**JURISDICTION, VENUE AND FMLA COVERAGE**

2. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and has the authority to grant declaratory relief under the FMLA and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

4. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as his FMLA/ADA claims.

5. At all times relevant hereto, Plaintiff was an employee of Defendant.

6. Plaintiff worked for Defendant in Palm Beach County, Florida, and this venue is therefore proper.

7. Defendant is a foreign limited liability company that is located and does business in Palm Beach County, Florida, and is therefore within the jurisdiction of the Court.

8. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce that employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

9. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

10. Plaintiff is a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

   a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of his disability or "perceived disability" by Defendant; and

   b. Plaintiff was retaliated against and suffered adverse employment action and was subjected to an increasingly hostile work environment as a result of his disability or "perceived disability."

11. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

12. On or around November 19, 2020, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

13. More than 180 days have passed since the filing of the Charge of Discrimination.

14. On March 17, 2022, Plaintiff received the EEOC's Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within 90 days of his receipt of the same.

15. Plaintiff timely files this action within the applicable period of limitations against Defendant.

16. All conditions precedent to this action have been satisfied and/or waived.

**FACTUAL ALLEGATIONS**

17. Mr. Campbell worked for DN as a Field Service Manager from November 2, 2015, until his termination on April 10, 2020.

18. During his time with DN, Mr. Campbell was an excellent employee with no significant history of non-FMLA attendance, tardiness, or disciplinary issues.

19. Unfortunately, on April 2, 2020, Mr. Campbell noticed a spot obstructing his vision, which progressively worsened throughout the rest of his day.

20. The next morning, on April 3, 2020, Mr. Campbell reached out to his physician's office and informed them of the growing spot.

21. Due to the urgency of his condition, Mr. Campbell was immediately scheduled for an appointment with his physician that same day.

22. Mr. Campbell's physician diagnosed the aforementioned spot as a symptom of a disabling serious health condition, specifically ongoing full macular retinal detachment.

23. Though Mr. Campbell's physician was unable to diagnose an exact reason for the detachment during this brief appointment, he concluded and shared with Mr. Campbell that the detachment was possibly a secondary condition arising from Type II diabetes, another disabling chronic, serious health condition which Mr. Campbell has suffered from for many years.

24. As Mr. Campbell's physician impressed upon him the urgency and necessity of an emergency procedure in the next few hours, his physician explained to him that the detachment likely began a week prior to his examination that day.

25. Mr. Campbell was subsequently scheduled for an emergency surgery in the afternoon.

26. Immediately after Mr. Campbell concluded his appointment on April 3, 2019, he called his direct supervisor at DN, Mr. Brian Jenni, and disclosed to him that he was scheduled for an emergency surgery that afternoon.

27. Mr. Campbell explained to Mr. Jenni that he would need about one week off from work in order to recover from his surgery and to attend post-operative appointments.

28. Mr. Campbell assured Mr. Jenni that he would be able to return to work afterward.

29. In response, Mr. Jenni, or DN management, failed to inform Mr. Campbell of his rights and responsibilities pursuant to the FMLA.

30. Instead, and as a result, Mr. Campbell submitted a reasonable request for time off (totaling one week) that same day.

31. The following Tuesday, April 7, 2020, Mr. Campbell attended a scheduled post-operative appointment with his primary physician, who determined that an additional surgery was necessary.

32. Accordingly, Mr. Campbell was scheduled to undergo this second surgery the very next day, Wednesday, April 8, 2020.

33. His physician further recommended that Mr. Campbell request another week off from work in order to recover from both operations.

34. Mr. Campbell promptly called Mr. Jenni to notify him of this development and advise him of his physician's recommendations.

35. Again, Mr. Jenni failed to inform Mr. Campbell of his rights and responsibilities pursuant to the FMLA.

36. Therefore, Mr. Campbell, again, submitted a reasonable request for time off (totaling one week) that same day.

37. The next morning, on Wednesday, April 8, 2020, Mr. Campbell received a call from Mr. Jenni and Mr. Chris Sturgill just minutes before he was scheduled to undergo his second surgery advising DN had terminated his employment.

38. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA, the FCRA, and the FMLA were intended to prevent.

39. In reality, Defendant's termination of Mr. Campbell stemmed from its discriminatory animus toward his very recent use of what should have been FMLA leave, his request for further leave, and his need for accommodation under the ADA/FCRA.

40. Any other reason given for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation, and disability discrimination and retaliation.

41. The timing of Plaintiff's termination makes the causal connection between his use of what should have been FMLA leave, his request for reasonable accommodation under the ADA/FCRA, and his termination sufficiently clear.

42. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

43. Mr. Campbell is an individual with a disability who, with reasonable accommodation, was fully capable of performing the essential functions of his job as a Field Service Manager.

44. Allowing Mr. Campbell to utilize a period of unpaid leave without penalty or negative repercussions, such as termination, would have been a reasonable accommodation.

45. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA and the FCRA.

46. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA/FCRA.

47. Defendant was aware of Plaintiff's ADA/FCRA-protected disability and need for accommodation.

48. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . .and other similar accommodations." 42 U.S.C. § 12111(9)(B).

49. Defendant, however, being well aware of Plaintiff's condition, discriminated and retaliated against Plaintiff for taking time off work to seek treatment, and for requesting reasonable accommodation.

50. In short, despite the availability of reasonable accommodation under the ADA and FCRA, Defendant discriminated against Mr. Campbell based solely upon his disability.

51. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties and otherwise qualified for his position, with "reasonable accommodation."

52. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could perform same with reasonable accommodation.

53. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

54. Pleading in the alternative, Plaintiff's health condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

55. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability as recognized by the ADA/FCRA.

56. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during his employment.  Therefore, he is protected class member as envisioned by the ADA and the FCRA.

57. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately termination, because of his disability and/or "perceived disability."

58. Defendant interfered with Plaintiff's use of his FMLA benefits that he was entitled to.

59. Defendant also retaliated against Plaintiff for attempting to utilize and/or utilizing FMLA leave.

60. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Mr. Campbell notifying DN of his serious health condition, and in retaliation for Mr. Campbell attempting to utilize unpaid leave pursuant to the FMLA in order to treat and address same.

61. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for his use and/or attempted utilization of what should have been protected FMLA leave.

62. Defendant's actions are the exact type of unfair and retaliatory employment practices the ADA, FCRA, and FMLA were intended to prevent.

63. Defendant did not have a good faith basis for its actions.

64. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

65. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

66. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

67. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## UNLAWFUL INTERFERENCE UNDER THE FMLA

68. Plaintiff reincorporates and readopts all allegations contained within 1, 2, 5 through 9, 17 through 41, and 58 through 67, Paragraphs above.

69. At all times relevant hereto, Plaintiff was protected by the FMLA.

70. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide his FMLA paperwork or advise him of his rights and obligations under the FMLA in response to receiving notice of his serious health condition.

71. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

72. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

73. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## UNLAWFUL RETALIATION UNDER THE FMLA

74. Plaintiff reincorporates and readopts all allegations contained within 1, 2, 5 through 9, 17 through 41, and 58 through 67, Paragraphs above.

75. At all times relevant hereto, Plaintiff was protected by the FMLA.

76. At all times relevant hereto, Defendant retaliated against Plaintiff by firing him for his use or attempted use of FMLA-protected leave.

77. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

78. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise his rights to take approved leave pursuant to the FMLA.

79. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise his rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

80. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

81. Plaintiff reincorporates and readopts all allegations contained within 1, 3, 5 through 7, 10 through 28, 30 through 34, 36 through 57, and 61 through 67, Paragraphs above.

82. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

83. The discrimination to which Plaintiff was subjected was based on his disability and/or "perceived disability."

84. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

86. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT IV**
**DISCRIMINATION UNDER THE FLORIDA CIVIL RIGHTS ACT**
**BASED ON DISABILITY**

88. Plaintiff reincorporates and readopts all allegations contained within 1, 4 through 7, 10 through 28, 30 through 34, 36 through 57, and 61 through 67, Paragraphs above.

89. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

90. The discrimination to which Plaintiff was subjected was based on his disability/handicap, or "perceived disability."

91. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

92. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

93. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

94. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V
## RETALIATION UNDER THE ADA BASED ON DISABILITY

95. Plaintiff reincorporates and readopts all allegations contained within 1, 3, 5 through 7, 10 through 28, 30 through 34, 36 through 57, and 61 through 67, Paragraphs above.

96. Plaintiff was terminated within close temporal proximity of his request for reasonable accommodations due to his disability.

97. Plaintiff's request constituted protected activity under the ADA.

98. Plaintiff was terminated as a direct result of protected activity under the ADA.

99. Plaintiff's request for reasonable accommodations, and his termination, are causally related

100. Defendant's stated reasons for Plaintiff's termination are a pretext.

101. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

102. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

103. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

104. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional

distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT VI
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT BASED ON DISABILITY

105. Plaintiff reincorporates and readopts all allegations contained within 1, 4 through 7, 10 through 28, 30 through 34, 36 through 57, and 61 through 67, Paragraphs above.

106. Plaintiff was terminated within close temporal proximity of his request for reasonable accommodations due to his disability.

107. Plaintiff's request constituted protected activity under the FCRA.

108. Plaintiff was terminated as a direct result of protected activity under the FCRA.

109. Plaintiff's request for reasonable accommodations, and his termination, are causally related.

110. Defendant's stated reasons for Plaintiff's termination are a pretext.

111. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

112. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

113. Plaintiff is entitled to recover his reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

114. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED this 24th day of March, 2022.

Respectfully Submitted,

**By:** */s/ Noah Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com